IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANNI SUTANA,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　　) Civil Action No.1:13-cv-00210JCH/LAM
　　　　　　　　　　　　　　　　　　　　　　)
STATE OF NEW MEXICO, ECONOMIC　　　　　　)
DEVELOPMENT DEPARTMENT;　　　　　　　　 　)
JONATHAN ("JON") BARELA, individually 　 )
and in his official capacity; BARBARA G. )
BRAZIL, individually and in her official )
capacity; WADE JACKSON, individually and in )
his official capacity;　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　　　　　 )

**DEFENDANTS' MOTION TO DISMISS NO. I: DISMISSAL IN PART OF COUNTS I II, AND III OF PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION FOR FAILURE TO EXHAUST (NMHRA AND ADA CLAIMS)**

Defendants State of New Mexico, Economic Development Department; Jonathan Barela, individually and in his official capacity; Barbara G. Brazil, individually and in her official capacity; Wade Jackson, individually and in his official capacity (collectively, "NMEDD Defendants"), by their attorney move the Court under Fed. R Civ. P. 12(b)(1), to dismiss in part Counts I, II and III of Plaintiff's Fourth Amended Complaint ("FAC") for lack of subject matter jurisdiction for failure to exhaust and state the following:

**INTRODUCTION[1]**

---

[1] As required by D.N.M.LR-Civ. 7.1(a), County Defendants conferred with Plaintiffs' counsel prior to filing this motion on January 23, 2015 and on January 29, 2015, and Plaintiffs' counsel opposed the motion.

Plaintiff Dani Sutana was an employee of the New Mexico Economic Development Department until her October 2012 termination for cause. Plaintiff responded with a laundry-list lawsuit, which (at present count) states no less than eleven (11) claims, under a host of federal and state statutes.

Respectfully, however, some of Plaintiff's claims fail by their own terms as a matter of law under Rule 12(b)(1). Specifically, Plaintiff pleads claims under the New Mexico Human Rights Act ("NMHRA") and the Americans with Disabilities Act ("ADA"). But Plaintiff has not alleged specific facts showing administrative exhaustion as to each NMHRA Defendant (Counts I and III) or as to each NMHRA/ADA claim (Counts I, II and II) as pled in her FAC.

Her pleading thus fails in two ways. First, Plaintiff did not administratively exhaust her NMHRA claims against all Defendants in their individual and official capacities (except for Defendant Brazil in her official capacity). Second, Plaintiff did not administratively exhaust her NMHRA and ADA claims as they are stated in her Fourth Amended Complaint to the extent these statements of claim are outside the scope of the EEOC Charging Document(s) on which they are based. As this Court is aware, failure to adequately plead administrative exhaustion of claims and/or Defendants is a jurisdictional bar to suit. For these reasons, Counts I, II and III of Plaintiff's Fourth Amended Complaint must be dismissed in part or in full as further detailed herein.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

In prior iterations of her NMHRA and ADA claims, Plaintiff has attached the Charges of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC") and the New Mexico Department of Workforce Solutions, Human Rights Bureau (collectively "Charging

Documents"). In support of this motion, Defendants recite for the Court's convenience key portions of the Charging Documents as follows:

**1. Exhibit A to Plaintiff's Third Amended Complaint: First Charge of Discrimination [Charge No. 543-2012-01154, June 15, 2012] [Doc. 10-1][2]**

"Discrimination based on: Disability
Dates(s) Discrimination took place: 4/1/11 to 4/25/12, Continuing Action

The Particulars are:

STATEMENT OF HARM: I've been employed by the Respondent since 4/2011 and my current position is Finance Manager. During my employment, I have been harassed by my supervisor and this includes her making insensitive comments regarding people with disabilities. As a result, I was forced to take medical leave on 4/25/12 and I have since returned but the atmosphere and harassment have continued.
[*Handwritten below paragraph*] In addition, I was denied a raise.

STATEMENT OF DISCRIMINATION: I believe I have been discriminated against due to disability and this is in violation of the Americans with Disabilities Act, as amended."

**2. Exhibit B to Plaintiff's Third Amended Complaint: Amended Charge of Discrimination [July 25th, 2012] [Doc. 10-2][3]**

"AMENDED CHARGE: Since filing the initial EEOC charge, I have been retaliated against by being written up for allegedly creating a hostile work environment for my co-workers. I am not aware of any co-worker who has complained about me and I have not been told who complained."

**3. Exhibit C to Plaintiff's Third Amended Complaint: Second Charge of Discrimination [Charge No. 543-2012-01425, Sept. 11th, 2012] [Doc. 10-3]**

"Discrimination based on: National Origin
Date(s) Discrimination took place: 10/3/11 to 8/8/12, Continuing Action

The Particulars are:

STATEMENT OF HARM: During my employment I have been subjected to negative comments about my Race/National Origin, such as having the Deputy Secretary ask me if

---

[2] Although Plaintiff misstates in her live complaint that she stated her disability as "Bi- Polar and Hearing Loss" (FAC ¶ 7, at 12) the actual charging document does not indicate which disability Plaintiff complains of.

[3] Although Plaintiff misstates that she included a claim for hostile work environment (FAC ¶ 14, at 3), the actual charging document states that she was accused of creating a hostile work environment for her coworkers not the other way around.

I ate dogs or monkeys. I have also been asked if I have PTSD since I am from Laos and this has created a hostile work environment

STATEMENT OF DISCRIMINATION: I believe I have been discriminated against due to my national origin (Laos) and this is in violation of Title VII of the Civil Rights Act of 1964, as amended."

**4. Exhibit F to Plaintiff's Third Amended Complaint: Amended Charge of Discrimination [October 26, 2012][Doc. 10-6][4]**

"Amended Charge: Since filing prior EEO charges, I was fired on 10/5/12. I was fired due to "new findings" but I believe this was just another example of retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended."

## STANDARD OF REVIEW

**1. The law regarding Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.[5]**

The New Mexico Human Rights Act allows individuals to bring a lawsuit in the appropriate district court after exhausting their administrative remedies. *Cordova v. New Mexico Taxation and Revenue Dep't*, 2011 WL 7164459 (D.N.M. 2011) (Browning, J.) *See also Gerald v. Locksley,* 849 F.Supp.2d 1190, 1213 (D.N.M 2011) (exhaustion of administrative remedies is a jurisdictional requirement otherwise, like Title VII, federal courts lack subject-matter jurisdiction to entertain discrimination claims under that statutes, and a rule 12(b)(1) motion to dismiss is procedurally proper); *Bates v. New Mexico Corrections Dept.,* No. 08–1013, 2010 WL 4339367, at *7 (D.N.M. Sept. 30, 2010) (Browning, J.) ("NMHRA claims must be administratively exhausted before being brought in federal court."); *Luboyeski v. Hill,* 117 N.M. 380, 382

---

[4] Although Plaintiff misstates that she filed for retaliation for wrongful termination generally (FAC ¶ 17, at 3), she actually claimed retaliation under Title VII only, which relates to discrimination for national origin. However, Title VII was amended to incorporate prohibitions on the discrimination of people with disabilities within the meaning of the ADA (42 U.S.C. § 12112). *See* 42 U.S.C. § 2000e-16b (prohibiting discrimination and indicating remedies available for violations).

[5] The legal standards recited in this section paraphrase those articulated by this Court in the recent case of *Shay v. RWX Consulting Group*, No. 12-0149, 2014 WL 3421068, *8-9, 12-13 (D.N.M. June 30, 2014). *See also West v. NM Taxation and Revenue Dep't,* 757 F. Supp.2d 1065, 1087-1094 (D.N.M. 2010).

(N.M.1994) (affirming the dismissal of individual defendants because the plaintiff failed to exhaust administrative remedies against them).

Similarly, the ADA requires a plaintiff to exhaust her administrative remedies before filing suit. *Jones v. UPS, Inc.,* 502 F.3d 1176, 1183 (10th.Cir.2007) (quoting *MacKenzie v. City & County of Denver,* 414 F.3d 1266, 1274 (10th Cir.2005)). In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional prerequisite to suit. *Id.* (quoting *Shikles v. Sprint/United Mgmt. Co.,* 426 F.3d 1304, 1317 (10th Cir.2005)). Because failure to exhaust administrative remedies is "a bar to subject matter jurisdiction, the burden is on the plaintiff as the party seeking federal jurisdiction to show, by competent evidence, that she did exhaust." *McBride v. CITGO Petroleum Corp.,* 281 F.3d 1099, 1106 (10th Cir.2002) (discussing exhaustion under the ADA) (citing *United States v. Hillcrest Health Ctr., Inc.,* 264 F.3d 1271, 1278 (10th Cir.2001)).

"Because the ADA's anti-retaliation provision, 42 U.S.C. § 12203(a), contains essentially the same language as Title VII's provision, 42 U.S.C. § 2000e–3(a), [Title VII precedent] applies in the ADA context as well.". *See* 42 U.S.C. § 12117(a); *Proctor v. United Parcel Serv.,* 502 F.3d 1200, 1208 n. 4 (10th Cir.2007). Similarly, "[t]he Rehabilitation Act expressly incorporates and adopts the employment discrimination standards contained in Title I of the Americans with Disabilities Act." *Detterline v. Salazar,* 320 Fed.Appx. 853, 856 (10th Cir.2009). Because of this relationship, "decisions under both Acts apply interchangeably to our analysis." *Id.*

The first step to exhaustion is the filing of a charge of discrimination with the EEOC. *See Jones v. Runyon,* 91 F.3d 1398, 1399 n. 1 (10th Cir.1996). Without such a filing, federal courts lack subject-matter jurisdiction to entertain discrimination claims under that statutes, and a rule 12(b)(1) motion to dismiss is procedurally proper. *See Seymore v. Shawver & Sons, Inc.,* 111

F.3d 794, 799 (10th Cir.1997); *Carmody v. SCI Colo. Funeral Servs., Inc.,* 76 F.Supp.2d 1101, 1103–04 (D.Colo.1999).17 When a defendant brings a motion to dismiss for lack of subject-matter jurisdiction under rule 12(b)(1) based on a plaintiff's failure to exhaust administrative remedies in a timely manner, a court "analyze[s] th[e] case under 12(b)(6) of the Federal Rules of Civil Procedure," unless a court considers materials outside the complaint, in which case "it should ... treat [ ] [the] motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure." *Douglas v. Norton,* 167 Fed.Appx. 698, 704–05 (10th Cir.2006).

### a. Scope of the EEOC Charge

"A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *MacKenzie v. City & County of Denver,* 414 F.3d 1266, 1274 (10th Cir.2005). "[T]he charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim." *Jones v. United Parcel Serv., Inc.,* 502 F.3d at 1186 (10th Cir. 2007). "The failure to mark a particular box creates a presumption that the charging party is not asserting claims represented by that box." *Jones v. United Parcel Serv., Inc.,* 502 F.3d at 1186 (citing *Gunnell v. Utah Valley State College,* 152 F.3d 1253, 1260 (10th Cir.1998)). "The presumption may be rebutted, however, if the text of the charge clearly sets forth the basis of the claim." *Jones v. United Parcel Service, Inc.,* 502 F.3d at 1186 (10th Cir.2007).

The charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim; this follows from the rule that "each discrete incident" of alleged discrimination or retaliation "constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *Jones,* 502 F.3d at 1186 (10th.Cir.2007) (quoting *Martinez v. Potter,* 347 F.3d 1208, 1210 (10th Cir.2003). *See also Nat'l R.R. Passenger Corp. v.*

*Morgan,* 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). "The failure to mark a particular box creates a presumption that the charging party is not asserting claims represented by that box." *Jones v. United Parcel Serv., Inc.,* 502 F.3d at 1186 (citing *Gunnell v. Utah Valley State College,* 152 F.3d 1253, 1260 (10th Cir.1998)).

Claims not included in the charge generally cannot be pursued in civil litigation unless they are reasonably related to the allegations listed in the administrative charge. *Aramburu v. Boeing Co.,* 112 F.3d 1398, 1409 (10th Cir.1997). Charges that are completely different from claims alleged in litigation are not reasonably related. See, e.g., *Id.* (plaintiff's hostile environment claim is not reasonably related to his wrongful discharge claim); *Archuleta v. Colorado Dept. of Institutions*, 936 F.2d 483, 488 (10th Cir.1991) (holding that plaintiff's claims of sexual harassment and pregnancy discrimination were not reasonably related to her discharge claim); *Hornsby v. Conoco, Inc.*, 777 F.2d 243, 247 (5th Cir.1985) (holding that plaintiff's claim of sexual harassment was not reasonably related to her claims of sex and age discrimination).

### b. Each discrete incident must be exhausted

The next step in determining whether a plaintiff has exhausted her administrative remedies is to determine the scope of the allegations raised in the EEOC charge because '[a] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC.' We emphasize, however, that our inquiry is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory acts alleged in the administrative charge. In other words, the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim; this follows from the rule that "each discrete incident" of alleged discrimination of retaliation "constitutes its own 'unlawful

employment practice' for which administrative remedies must be exhausted." *Jones v. United Parcel Service,* 502 F.3d at 1186 (citations omitted).

Under *National Railroad Passenger Corp. v. Morgan,* each discrete act of discrimination must be administratively exhausted. "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice." *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. at 114, 122 S.Ct. 2061 (internal citations and quotations omitted). In *National Railroad Passenger Corp. v. Morgan,* this rule applied to bar a plaintiff from suing on claims for which no administrative remedy had been sought when those incidents of which the plaintiff complained occurred more than 300 days before the filing of the plaintiff's EEO complaint. *See Martinez v. Potter,* 347 F.3d at 1210 (10th Cir.2003). "The rule is equally applicable, however, to discrete claims based on incidents occurring after the filing of Plaintiff's EEO complaint." *Martinez v. Potter,* 347 F.3d at 1210–11 (10th Cir.2003). The Tenth Circuit has stated: "Our decisions have unambiguously recognized *Morgan* as rejecting application of the continuing violation theory." *Martinez v. Potter,* 347 F.3d at 1211 (10th Cir.2003) (internal quotations omitted).

This Court has previously held that these principles demand that an act which occurs subsequent to the filing of the formal EEOC charge would not be included in the scope of the administrative investigation and would constitute its own "unlawful employment practice for which administrative remedies must be exhausted." *Farley v. Leavitt,* NO. CIV 05–1219 JB/LFC, 2007 WL 6364329, at *14 (D.N.M. Dec. 31, 2007) (Browning, J.) (quoting *Jones v. United Parcel Serv., Inc.,* 502 F.3d at 1186) (internal quotation marks omitted). Tenth Circuit holdings support this conclusion. *See Duncan v. Manager Department of Safety,* 397 F.3d 1300,

1314 (10th Cir.2005) (affirming dismissal of retaliation claim postdating plaintiff's EEO complaint, stating: "Ms. Duncan did not file an additional EEOC charge alleging the retaliatory act however, and this failure to exhaust her administrative remedies is fatal to her claim"); *Annett v. University of Kansas,* 371 F.3d 1233, 1238 (10th Cir.2004) ("Previously, we would proceed to examine whether the alleged employment action, provided it occurred after the filing of the EEOC charge, was 'like or reasonably related to the allegations of the EEOC charge'[;] [h]owever, our recent holding in *Martinez v. Potter,* has foreclosed this line of inquiry.").

### c. Plaintiff must exhaust at least one related act that is the basis of the Hostile Work Environment Claim.

A different rule applies to hostile environment claims, for which "the continuing violation doctrine remains viable." *Semsroth v. City of Wichita,* 304 Fed.Appx. 707, 722 (10th Cir.2008). An employer creates a hostile work environment when "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Davis v. U.S. Postal Serv.,* 142 F.3d 1334, 1341 (10th Cir.1998) (quotations omitted). Under *National Railroad Passenger Corp. v. Morgan,* a series of events that constitute a hostile environment claim are considered one unlawful action. *See West v. Norton,* 376 F.Supp.2d 1105, 1129 (D.N.M.2004) (Browning, J.). "Hostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct." *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. at 115, 122 S.Ct. 2061 (internal citations and quotations omitted). An "unlawful employment practice" that constitutes a hostile work environment thus cannot be said to occur on any particular day, but rather occurs over a series of days or years. *Id.* (citing *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). Accordingly, so long as one of the incidents included within the claim of hostile environment occurred within

the prescribed time limit, other conduct that occurred outside of the proscribed time period, but contributing to the hostile work environment, is not time barred. *See Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. at 105, 122 S.Ct. at 2061 (holding "that consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as any act contributing to that hostile environment takes place within the statutory time period"); *West v. Norton,* 376 F.Supp.2d at 1129.

In *National Railroad Passenger Corp. v. Morgan,* the Supreme Court of the United States provided three factors courts may consider to determine if "a series of separate acts ... collectively constitute one 'unlawful employment practice.' " 536 U.S. at 117, 122 S.Ct. 2061 (quoting 42 U.S.C. § 2000e–5(e)(1)). "[A] series of alleged events comprises the same hostile environment where 'the pre- and post-limitations period incidents involved the same type of employment actions, occurred relatively frequently, and were perpetrated by the same managers.' " *Duncan v. Manager, Dep't of Safety, City & Co. of Denver,* 397 F.3d at 1309 (quoting *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. at 120, 122 S.Ct. 2061) ("*Morgan* advises looking at the type of these acts, the frequency of the acts, and the perpetrator of the acts.").

**ARGUMENT**

I. **THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE INDIVIDUAL DEFENDANTS IN THE NMHRA CLAIMS (COUNTS I AND III).**

This Court lacks subject matter jurisdiction in the NMHRA claims over all Defendants (except Brazil in her official capacity between March 2012 and April 25, 2012). As to Count I, alleging violations of the NMHRA, the Charges of Discrimination name only NMEDD and

Defendant Brazil in her official capacity. *See* Charge of Discrimination dated June 15, 2012 [Doc. 10-1] ("my supervisor [Brazil][6] "); Amended Charge of Discrimination dated July 25, 2012 [Doc. 10-2] ("I have not been told who […]); Charge of Discrimination dated September 11, 2012 [Doc. 10-3] ("Deputy Secretary [Brazil]"); Amended Charge of Discrimination dated October 26, 2012 [Doc. 10-6] [ (no actor named). Plaintiff further states, "Sutana has exhausted her administrative remedies with respect to her ADA and [NMHRA] *claims* set forth herein and has complied with all conditions precedent to maintaining this action." FAC ¶ 19, at 4 (emphasis added).

Although the occurrence of conditions precedent may be pled generally under Rule FRCP 9(c), Plaintiff failed to exhaust administrative remedies as to each *defendant* (individual and official capacity) which is detrimental to the claim. *See Luboyeski v. Hill,* 117 N.M. 380, 382 (N.M.1994) ("Since [the plaintiff] has not gone through the administrative process that is prerequisite to suing the individual defendants under the Human Rights Act, we affirm the trial court's order dismissing those defendants"). Exhaustion of administrative remedies is a jurisdictional requirement otherwise, the court lacks subject matter jurisdiction to entertain discrimination claim, and a rule 12(b)(1) motion is procedurally proper. *See Gerald v. Locksley,* 849 F.Supp.2d 1190, 1213 (D.N.M 2011). Because Plaintiff has failed to plead that she has exhausted her administrative remedies as to each defendant, Under New Mexico law, the defendants in their individual and official capacity (except for Brazil in her official capacity) must be dismissed here.

---

[6] Although the complaint lists a third party, A. Kurt Saenz as Plaintiff's supervisor, Defendant Brazil became Plaintiff's supervisor in March 2012 and the Charge refers to actions occurring between 4/1/11 to 4/25/12 and continuing. *See* FAC ¶ 47, at 9.

## II. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE ADA AND NMHRA CLAIMS (COUNTS I, II, AND III) TO THE EXTENT THE SUBJECT MATTER OF THESE CLAIMS HAVE NOT BEEN PROPERLY EXHAUSTED.

This Court lacks subject matter jurisdiction over the ADA and NMHRA claims which have not been properly exhausted as to their subject matter or as to time period. As the Court is well aware, exhaustion begins and ends with Plaintiff's Charging Documents. *See* Charge of Discrimination dated June 15, 2012 (discrimination based on disability resulting in harassment, insensitive comments, being forced to take medical leave and being denied a raise between April 1, 2011 and April 25. 2012) [Doc. 10-1]; Amended Charge of Discrimination dated July 25, 2012 [Doc. 10-2] (discrimination based on disability resulting in retaliation, being written up); Charge of Discrimination dated September 11, 2012 [Doc. 10-3] (discrimination based on national origin resulting in hostile work environment); Amended Charge of Discrimination dated October 26, 2012 [Doc. 10-6] (discrimination based on national origin resulting in retaliation, being fired).

Specifically, as to Counts I (NMHRA general), II (ADA-Retaliation), and III (NMHRA and ADA-Hostile Work Environment), this Court lacks subject matter jurisdiction for failure to exhaust over the following:

A. Any aspect of Count I, II or III (NMHRA/ADA) based on a predicate incident(s) at Paragraphs 1-91 of the Fourth Amended Complaint:
   a. to the extent such predicate incident(s) are not specifically exhausted in any of the four Charging Documents on which Counts I, II, and III are based;
   b. to the extent such predicate incident(s) took place outside the 300 days before and leading up to the filing of the Charging Document(s);
B. The entirety of Count II (ADA—Retaliation) except for denial of a raise; and

C. The entirety of Count III (NMHRA/ADA—Hostile Work Environment).

**A. Generally, the scope of the EEOC Charging Document(s) necessarily narrows the scope of the NMHRA/ADA claims (Counts I, II, and III) in (a) substance and (b) time.**

As the above law makes clear, Plaintiff's ADA and NMHRA disability claims are necessarily limited to those in the Charging Documents. Plaintiff's charging documents dated June 15, 2012 and July 15, 2012 contain discrimination allegations exclusively limited to alleged unlawful acts relating to Plaintiff's claimed disability. *See* [Doc. 10-1]; [Doc. 10-2]. Plaintiff's charging documents dated September 25, 2012 and October 26, 2012 contain discrimination allegations exclusively limited to alleged unlawful acts relating to Plaintiff's national origin.

### 1. Limits on the Scope of Counts I, II, and III in Substance.

The Charging Documents, however, do not contain specific facts concerning each of the alleged discriminatory and retaliatory actions underlying each claim recited in the FAC at Paragraphs 1 to 91, which underlie Counts I, II, and III. But that is exactly what the law requires. Specifically, "each discrete incident" of alleged discrimination or retaliation "constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *See Jones v. UPS, Inc.,* 503 F.3d 1176, 1186 (10th.Cir.2007). It is Plaintiff's burden to first plead and then to prove such exhaustion as to each discrete incident. *McBride v. CITGO Petroleum Corp.,* 281 F.3d 1099, 1106 (10th Cir.2002). Thus, it is Plaintiff's burden to prove exhaustion as to each discrete incident at Paragraphs 1 to 91 of the FAC.

For example, in Count III, Plaintiff alleges hostile work environment based on disability. However the applicable Charging Document does not allege that she was subject to a hostile work environment. *See* Charge of Discrimination dated June 15, 2012 (discrimination based on disability resulting in harassment, insensitive comments, being forced to take medical leave and

being denied a raise between April 1, 2011 and April 25. 2012) [Doc. 10-1]; Amended Charge of Discrimination dated July 25, 2012 [Doc. 10-2] (discrimination based on disability resulting in retaliation, being written up).

Plaintiff's claim in federal court must necessarily be limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC. *See Jones,* 502 F.3d at 1186 (10th.Cir.2007). Yet because the Charging Documents show that Plaintiff failed to exhaust her administrative remedies as to each and every claim in the FAC at Paragraphs 1-91, the Court lacks subject matter jurisdiction over every aspect of such claims that are not reasonably related to those alleged in the Charging Documents.

This requires dismissal of the ADA and NMHRA (Count III) hostile work environment disability claims to the extent not previously exhausted, as well as dismissal of any other claims (Counts I and II) to the extent the subject matter has not been exhausted (discussed below).

### 2. Limits on the Scope of Counts I, II, and III in Time.

Likewise, Plaintiff's ADA and NMHRA claims must be limited to those that occurred between the time period of 300 days prior to and leading up to the filing of the Charging Documents. As to any aspect of Plaintiff's ADA or NMHRA claims (Counts I, II and III), Plaintiff's Charge of Disability Discrimination may only extend to those allegations occurring within the 300 days leading up to the filing of the Amended Charge on July 25, 2012 [Doc. 10-2].

Under *National Railroad Passenger Corp. v. Morgan,* a plaintiff cannot sue on claims for which no administrative remedy had been sought when those incidents complained of occurred more than 300 days before the filing of Plaintiff's EEO complaint. *See Martinez v. Potter,* 347

F.3d at 1210. "The rule is equally applicable, however, to discrete claims based on incidents occurring **after** the filing of Plaintiff's EEO complaint." *Martinez v. Potter,* 347 F.3d at 1210–11. *See also Farley v. Leavitt,* No. CIV 05–1219 JB/LFC, 2007 WL 6364329, at *14 (D.N.M. Dec. 31, 2007) (emphasis added) (Browning, J.) (quoting *Jones v. United Parcel Serv., Inc.,* 502 F.3d at 1186) (Consequently, acts that occur subsequent to the filing of the formal EEOC charge would not be included in the scope of the administrative investigation and would constitute its own "unlawful employment practice for which administrative remedies must be exhausted."); *Duncan v. Manager Department of Safety,* 397 F.3d at 1314 (affirming dismissal of retaliation claim based on acts postdating the plaintiff's EEO complaint where plaintiff did not file a separate charge detailing retaliatory act); *Annett v. University of Kansas,* 371 F.3d at 1238 (noting the exception permitting the employee to sue on acts of discrimination post-EEOC charge is no longer viable for discrete discrimination claims).

Because the law requires this specificity with regard to dates, the Court lacks subject matter jurisdiction over any disability-related claims occurring more than 300 days before the filing of the EEOC charge filed on July 25, 2012 [Doc. 10-2] **and** over any disability-related claims any day after the filing of that EEOC charge.

**B. Plaintiff failed to exhaust each discrete incident underlying her claims for NMHRA and ADA retaliation (Counts I and II), and the only retaliation aspect of that can survive is Plaintiff's retaliation claim for alleged denial of a raise.**

The only retaliatory act that Plaintiff alleges with respect to her claimed disability is that she was denied a raise. [Doc. 10-1]. "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice." *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. at 114, 122 S.Ct. 2061 (internal

citations and quotations omitted). Because Plaintiff failed to allege any other acts of retaliation based on her disability in the EEOC Charging Documents, the remaining claims in the FAC at Paragraphs 1-86 of the Fourth Amended Complaint intended to support claims for retaliation under the NMHRA or ADA (Counts I and II) must be dismissed for lack of subject matter jurisdiction.

**C. Plaintiff did not exhaust at least one related incident for the NMHRA and ADA hostile work environment claim (Count III and arguably Count I) requiring dismissal of any claim predicated on a hostile work environment theory.**

Plaintiff did not exhaust at least one incident of her NMHRA and ADA hostile work environment claim (Count III and arguably Count I) based on a charge of harassment in the Charging Documents. The Tenth Circuit distinguishes between harassment and a hostile work environment. *See Holmes v. Utah, Dept. of Workforce Services,* 483 F.3d 1057, 1062–63 (10th Cir.2007) (distinguishing between harassment and hostile work environment claims when finding an employee failed to exhaust administrative remedies). The Plaintiff has failed to "allege facts indicating a workplace 'permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.' *Mitchell v. City and County of Denver,* 112 Fed.Appx. 662, 667 (10th Cir. 2004) (holding that plaintiff who did not describe a hostile work environment so she did not adequately charge and as a result, had not exhausted administrative remedies). Because plaintiff did not exhaust at least one incident of hostile work environment, all of the claims are subject to individual incident exhaustion. As such, all claims not alleged in the Charging Documents related to hostile work environment (Count III and arguably Count I) must be dismissed.

Furthermore, even if the Court liberally construes the third charge document dated September 25, 2012 [Doc. 10-3] to serve as notice of a hostile work environment claim (because it mentions the words, but the box is not checked), the Plaintiff alleges only a single incident, which is not enough. The failure to mark a particular box creates a presumption that the charging party is not asserting claims represented by that box. *See Gunnell v. Utah Valley State College,* 152 F.3d 1253, 1260 (10th Cir.1998). The presumption may be rebutted, however, if the text of the charge clearly sets forth the basis of the claim. *Id.* Plaintiff only alleges in the Charging document that she was asked if she had PTSD since she is from Laos. "One event does not rise to the severity necessary to constitute a hostile work environment." *West v. New Mexico Tax. & Rev. Dep't et al*, 757 F.Supp.2d 1065, 1096-1100 (D.N.M. 2010) (Browning, J.) (quoting *Gadsden v. Bernstein Litowitz Berger & Grossman,* 323 Fed.Appx. 59, 60–61 (2d Cir.2009)) (referring to *House v. State of Washington,* 216 F.3d 1083, at *1 (9th Cir.2000) ("[T]he court properly granted summary judgment on House's claim of hostile work environment because it was based on only one event ... and that event does not establish a pattern or practice of discriminatory conduct severe enough to alter the conditions of her employment.")). Because the Plaintiff did not adequately allege a hostile work environment, each discrete incident must be exhausted as an unlawful employment practice and is subject to the timeline limits described in the above paragraph, rather than the exceptions for one unlawful act in hostile work environment claims. This requires dismissal of Plaintiff's hostile work environment claim (Count III and arguably Count I).

**CONCLUSION**

For the forgoing reasons, Defendant, NMEDD, requests that this Court issue an order:

A) Dismissing all NMHRA claims and defendants under Count I for lack of subject matter jurisdiction except:

    a. NMHRA claims for denial of a raise occurring between September 28, 2011- July 25, 2012;

    b. NMHRA claims against Defendant Brazil in her official capacity as Supervisor between March 2012 to April 25, 2012;

    c. NMHRA claims against NMEDD;

B) Dismissing all ADA claims under Count II for lack of subject matter jurisdiction except:

    a. ADA retaliation claims for denial of a raise occurring between September 28, 2011- July 25, 2012;

C) Dismissing all ADA/NMHRA hostile work environment claims under Count III;

D) Awarding costs and fees to Defendant; and

E) Any other relief this Court deems just and proper.

Respectfully submitted,

**SAUCEDOCHAVEZ, P.C.**

By: /s/ Christopher T. Saucedo
    Christopher T. Saucedo
Frank T. Apodaca
100 Gold Avenue SW, Suite 206
Albuquerque, NM 87102
(505) 338-3945
Email: csaucedo@saucedochavez.com
Email: fapodaca@saucedochavez.com

*Attorneys for Defendants*

We hereby certify that on January 30, 2015, the foregoing was filed electronically through the CM/ECF system, which caused all counsel/parties of record to be served by electronic means:

Michael E. Mozes, Esq.
**Law Offices of Michael E. Mozes, P.C.**
5732 Osuna Rd. NE
Albuquerque, NM 87109-2527
T: (505) 880-1200
Email: Michael@mozeslawoffice.com

*Attorney for the Plaintiff*

By: /s/ Christopher T. Saucedo
    Christopher T. Saucedo