# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DANNI SUTANA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.1:13-cv-00210JCH/LAM |
| | ) |
| STATE OF NEW MEXICO, ECONOMIC | ) |
| DEVELOPMENT DEPARTMENT; | ) |
| JONATHAN ("JON") BARELA, individually | ) |
| and in his official capacity; BARBARA G. | ) |
| BRAZIL, individually and in her official | ) |
| capacity; WADE JACKSON, individually and in | ) |
| his official capacity; | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS NO. II: DISMISSAL OF COUNTS I, II, III, IV, V AND IX OF PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM
## (NMHRA, ADA, FMLA AND FLSA CLAIMS)

Defendants State of New Mexico, Economic Development Department; Jonathan Barela, individually and in his official capacity; Barbara G. Brazil, individually and in her official capacity; Wade Jackson, individually and in his official capacity (collectively, "NMEDD Defendants"), by their attorney move the Court under Fed.R Civ.P. 12(b)(6), to dismiss Counts I, II, III, IV, V, and IX of Plaintiff's Fourth Amended Complaint ("FAC") for failure to state a claim for relief and states the following[1]:

## INTRODUCTION

Plaintiff Sutana brings this suit against the NMEDD Defendants. She alleges general facts in support of claims for relief under the New Mexico Human Rights Act ("NMHRA")

---

[1] As required by D.N.M.LR-Civ. 7.1(a), County Defendants conferred with Plaintiffs' counsel prior to filing this motion on January 23, 2015 and on January 29, 2015, and Plaintiffs' counsel opposed the motion.

(Counts I, III); the Americans with Disabilities Act ("ADA") (Counts II, III); the Family Medical Leave Act ("FMLA") (Counts IV and V); and the Fair Labor Standards Act ("FLSA") (Count IX). Plaintiff alleges theories of hostile work environment[2], retaliation[3], interference[4], termination[5] and unfair discipline[6] because of discrimination[7] due to unspecified serious medical conditions[8]. She later specifies hearing loss and bipolar disorder[9], depression and anxiety[10] and

---

[2] **Hostile Work Environment.** *See* FAC ¶ 55, at 10 (Brazil left Sutana out of meetings and didn't answer her questions about why she wasn't invited after she returned from leave); FAC ¶ 57, at 11 (Brazil at an unknown time asked if she eats monkeys or dogs); FAC ¶ 73, at 13 (subjected to hostile work environment because of her disability); FAC ¶ 75, at 14 (medical condition was determining factor in decision to terminate her); FAC ¶ 88, at 15 (because she applied for and took leave, she was subject to working long hours, calls, emails, working during leave and asked humiliatnig questions and was subject to notices of contemplated action); FAC ¶¶ 88- 89, at 15-16 (from April 2011 to March 2012 she had to work a lot, did not get a pay raise, 4 notices of contemplated action were issued and withdrawn, racially demeaning comments created hostile work environment).

[3] **Retaliation.** *See* FAC ¶ 55, at 10 (Brazil left Sutana out of meetings and didn't answer her questions about why she wasn't invited after she returned from leave); FAC ¶ 56, at 10 (Brazil alleged that Plaintiff failed to deposit funds after she returned from medical leave); FAC ¶ 59 at 11 (Jackson sent Notice of Contemplated Action on 7/10/12 three weeks after filing EEOC Complaint, Notice that Jackson withdrew on 7/31/12); FAC ¶ 60 at 11 (Jackson issued Notice of Contemplated Action on 7/11/12 three weeks after filing EEOC Complaint; Notice of Final Personnel Action stated no action taken against her); FAC ¶ 67, at 12 (Barela issued Notice of Contemplated Action on 9/19/12, one week after filing EEOC complaint); FAC ¶ 73, at 13 (retaliated against because of her disability).

[4] **Interference.** *See* FAC ¶ 43, at 8 (Saenz in Dec 2011 asked client to return from vacation early); FAC ¶ 46, at 8-9 (Saenz in Feb 2012 discouraged her from taking FMLA leave due to large workload); FAC ¶ 50, at 9 (Jackson by email on 4/24/12 told her she needed a letter from a doctor and did not provide other required forms); FAC ¶ 54, at 10 (Brazil and Jackson between 4/30/12 and 5/25/12 required her to work part-time like answer e-mails, take calls around); FAC ¶ 93, at 16 (discouraged from taking leave by Defendant); FAC ¶¶ 96-97, at 17 (all Defendants required her to work, respond to emails and calls and be available part-time because she chose to exercise her FMLA rights).

[5] **Termination.** *See* FAC ¶ 64 at 11 (Barela and Jackson issued a Notice of Disciplinary Action on 9/7/12 placing Sutana on administrative leave pending investigation; Notice on 9/10/12 that it was withdrawn); FAC ¶ 69, at 12 (Barela issued Notice of Final Action on 10/3/12 terminating Sutana; FAC ¶ 73, at 13 (terminated because of her disability); FAC ¶ 75, at 14 (medical condition was a factor in deciding to terminate her).

[6] **Unfair discipline.** *See* FAC ¶ 75, at 14 (discriminated against because of her medical condition through unfair discipline, termination and subjecting her to hostile work environment).

[7] **Discrimination.** *See* FAC ¶ 53 at 10 (Brazil on 4/27/12 asked plaintiff if she was suffering from PTSD since was from Laos after she disclosed medical conditions); FAC ¶ 75, at 14 (discriminated against because of her medical condition through unfair discipline, termination and subjecting her to hostile work environment).

[8] **Unspecified medical conditions.** *See* FAC ¶ 74, at 13-14 (specifying that she had medical conditions of hearing loss, Bi-polar disorder and severe anxiety and panic attacks substantially impairing the major life activity of working).

[9] **Bipolar disorder.** *See* FAC ¶ 29, at 5 (advised Saenz in April 2011 who allegedly told Brazil and Jackson); FAC ¶ 74, at 13-14 (specifying that she had medical conditions of hearing loss, Bi-polar disorder and severe anxiety and panic attacks substantially impairing the major life activity of working).

[10] **Depression and anxiety.** *See* FAC ¶ 42, at 8 (claims in Nov 2011 began to suffered from depression and anxiety from long hours and hostile work environment); FAC ¶ 46, at 8 (told Saenz in Feb 2012 "high anxiety, increased depression, vision issues, hair falling out, and stomach problems"); FAC ¶ 51, at 9 (doctor noted at unknown time that plaintiff suffered from "severe anxiety leading to black outs, daily dizziness, palpitations, nausea, insomnia and explosive diarrhea" thereby impairing ability to perform job competently and stress at work was detrimental

panic attacks that substantially impaired the major life activity of working[11]. She also claims that she was forced to work long hours[12] and lost compensation time and overtime. She alleges that she is entitled to damages [13] as a result. There were several other actions that were not categorized with reference to any of the above claims[14]. Plaintiff also alleges claims against NMEDD Defendants generally without specifying whether she is bringing them against the individual defendants in their administrative or individual capacities.[15]

As a general matter, Plaintiff fails to give the Court reason to believe that she has a reasonable likelihood of mustering factual support for each of the counts addressed by this Motion (Counts I, II, III, IV, V, IX), as she must. Instead, the FAC as to these counts merely offers labels and conclusions and a formulaic and often incomplete recitation of the elements of the purported causes of action. Plaintiff's factual allegations are threadbare and conclusory. This

---

to her health); FAC ¶ 74, at 13-14 (specifying that she had medical conditions of hearing loss, Bi-polar disorder and severe anxiety and panic attacks substantially impairing the major life activity of working).

[11] **Major life activity.** *See* FAC ¶ 74, at 13-14 (specifying hearing loss, Bi-polar disorder and severe anxiety and panic attacks substantially impairing the major life activity of working).

[12] **Work long hours.** *See* FAC ¶ 27-28, at 4-5 (wrote Brazil on 6/20/11 about writing off hours); FAC ¶ 30, at 5 (emailed Barela, Brazil, Jackson and supervisor Saenz about writing off hours); FAC ¶¶ 133-134, at 22 (requested and required that she repeatedly and regularly perform normal job duties while on FMLA leave for which she had to use paid leave); FAC ¶¶ 139-140, at 22-23 (did not receive compensatory time off and lost time off).

[13] **Damages.** *See* FAC ¶ 77, at 14 (as a result of discriminatory conduct, lost wages and other benefits; future earning capacity impaired, she has suffered emotional distress, humiliation, embarrassment, pain, and suffering and loss of enjoyment of life, and other non-pecuniary losses); FAC ¶ 86, at 15 (as a result of retaliation, damages TBD); FAC ¶ 91, at 16 (as a result of retaliation entitled to damages TBD); FAC ¶ 98 , at 17 (as a result of acts and failures to act, she suffered damages TBD and she is entitled to liquidated damages against all named Defendants because the violations of her FMLA rights were willful, intentional and wanton); FAC ¶ 105, at 18 (as a result of the retaliation suffered, she is entitled to damages TBD including but not limited to liquidated damages for the willful, intentional and wanton acts of all Defendants); FAC ¶ 142, at 23 (as a result of Defendants' unlawful conduct, Sutana has suffered damages and relief available under the FLSA for violations including but not limited to liquidated damages for the willfull and bad faith conduct of all Defendants).

[14] **Uncategorized.** *See* FAC ¶ 36, at 7 (Jackson's response 9/2/11 as attack and intentional disregard for ADR procedure); FAC ¶ 39, at 7 (Jackson's inclusion of EDD Response in Sept 2011 in Plaintiff's file); FAC ¶ 44, at 8 (Brazil on 1/26/12 denied pay raise); FAC ¶ 45, at 8 (Brazil in Feb 2012 did not abide by Mediation agreement); FAC ¶ 48 at 9 (Jackson refused to discuss pay raise and performance issues);

[15] **Individual capacity not distinguished.** Count IV, FMLA Interference, against "Defendant, EDD, and the Defendants, individually, Barela, Brazil, and Jackson". *See* FAC ¶¶ 96-97, at 17; Count V, FMLA Retaliation, against "Defendant NMEDD and the Defendants individually Barela, Brazil, and Jackson". *See* FAC ¶ 101, at 17; Count IX, FLSA Violations, against "NMEDD and the individually-named Defendants knew". *See* FAC ¶ 133, at 22.

is not enough to satisfy Plaintiff's pleading obligations under Rule 12(b)(6) as to Counts I, II, III, IV, V, or IX.

More specifically, Plaintiff's claims have fatal pleading defects as to these counts as follows:

I.A    Plaintiff fails to allege that she was a covered individual under the ADA and NMHRA so Counts I, II, and III must be dismissed;

I.B    Plaintiff fails to allege that she was subject to a hostile work environment because of her alleged disability so Count II must be dismissed;

II.A    Plaintiff fails to allege that she was a covered individual under the FMLA so Counts IV and V must be dismissed;

II.B    Plaintiff fails to allege adequately that NMEDD interfered with her FMLA leave so Count IV must be dismissed;

II.C    Plaintiff fails to allege adequately that she was retaliated against for taking FMLA leave so Count V must be dismissed; and

III    Plaintiff fails to state a claim under the FLSA so Count IX must be dismissed.

## STANDARD OF REVIEW

**The law regarding Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.**[16]

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted under Rule 12(b)(6). Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir.1994). The sufficiency of a complaint is a question of law, and when considering a rule 12(b)(6)motion, a court must view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007)(

---

[16] The following represents a paraphrasing of the standard articulated by this Court in the recent cases of *Shay v. RWX Consulting Group*, No. 12-0149, 2014 WL 3421068, *8-9, 12-13 (D.N.M. June 30, 2014).

"[O]nly if a reasonable person could not draw ... an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir.2009)( "[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pled factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff."(citing *Moore v. Guthrie,* 438 F.3d 1036, 1039 (10th Cir.2006))).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,*550 U.S. at 555)."Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp v. Twombly,* 550 U.S. at 555 (citation omitted).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly,* 550 U.S. at 570; *Mink v. Knox,* 613 F.3d 995, 1000 (10th Cir.2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider,* 493 F.3d 1174, 1177 (10th Cir.2007)(emphasis omitted). The Tenth Circuit stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10thCir.2008) (citations omitted)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. at 570).

Although affirmative defenses must generally be pled in the defendant's answer, not argued on a motion to dismiss, *see* Fed.R.Civ.P. 8(c), there are exceptions where: (i) the defendant asserts an immunity defense—the courts handle these cases differently than other motions to dismiss, *see Glover v. Gartman,* 899 F.Supp.2d 1115, 1137–39, 1141 (D.N.M.2012)(Browning, J.) (citing *Pearson v. Callahan,* 555 U.S. 223 (2009); *Robbins v. Oklahoma,* 519 F.3d 1242 (10th Cir.2008)); and (ii) where the facts establishing the affirmative defense are apparent on the face of the complaint, *see Miller v. Shell Oil Co.,* 345 F.2d 891, 893 (10th Cir.1965) ("Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim. If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule."). The defense of limitations is the affirmative defense most likely to be established by the uncontroverted facts in the complaint. *See* 5 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, *Federal Practice & Procedure: Civil* § 1277, at 643 (3d ed.2004). If the complaint sets forth dates that appear, in the first instance, to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6). *See Rohner v. Union Pac. R.R. Co.,* 225 F.2d 272, 273–75 (10th Cir.1955); *Andrew v. Schlumberger Tech. Co.,* 808 F.Supp.2d 1288, 1292 (D.N.M.2011)(Browning, J.).

# ARGUMENT

## I. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE ADA AND NMHRA SO COUNTS I, II, AND III MUST BE DISMISSED

### A. Plaintiff fails to allege adequately that she was a covered individual under the ADA and NMHRA (Counts I, II and III).

Under the NMHRA, New Mexico looks to the federal legal standard for guidance and thus, the elements for the ADA and NMHRA are the same. *See Latham v. Board of Educ. Of Albuquerque Public Schools*, No.11-2217, 2012 WL 2855781, *5 (10th Cir. July 12, 2012). In order to prevail on an ADA claim an employee must show: (1) that she is a disabled as defined by the ADA; (2) she is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) her employer discriminated against her because of her disability. 42 U.S.C.S. § 12111(8).

With respect to Counts I, II, and III, plaintiff has not adequately pleaded that she is a qualified individual under the ADA and NMHRA and thus entitled to relief. Plaintiff states, "*At the time of the adverse actions complained of*, Sutana was qualified to perform the job duties and responsibilities assigned to her." *See* FAC ¶ 72, at 13 (emphasis added). This is directly disputed by the "Employee's Serous Health Condition Medical Certification Statement" from her medical doctor indicating that symptoms of her anxiety would "impair any normal individual to perform his or her job competently". *See* FAC ¶ 51, at 9. Furthermore, Defendant Jackson approved Plaintiff's request for FMLA leave due to, a "serious health condition that makes you unable to perform the essential functions of your job." FAC ¶¶ 51-52, at 10. Although Plaintiff states that Defendant "made no attempts to accommodate Sutana's serious medical condition, although such accommodations could have been provided," this does not mean that Plaintiff would have been a covered individual but for the acts of the employer. *See* FAC ¶ 74, at 13-14.

For this claim, the plaintiff does not show that "she is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired." *See* 42 U.S.C. § 12111(8). The Plaintiff admits that she was not qualified at times when there was no adverse action complained of. Further, she fails to plead with particularity exactly how the lack of reasonable accommodation by NMEDD occurred. *See* FRCP 9(c) ("[W]hen denying that a condition precedent has occurred or been performed [in a pleading], a party must do so with particularity.").

Because Plaintiff did not adequately plead that the condition precedent of reasonable accommodation did not occur, and because Plaintiff does not meet the second element requiring qualifications to perform one's job at all times in order to be a covered individual, Plaintiff is not entitled to relief provided under the ADA and NMHRA. Therefore, this Court must dismiss counts I, II and III.

### B. Plaintiff fails to allege adequately that she was subject to a hostile work environment (Count II) because of her disability.

With respect to Count II, assuming Plaintiff is a covered individual under the ADA and this Court has subject matter jurisdiction over the hostile environment claim, plaintiff has not adequately pleaded that she was subject to a hostile work environment because of her disability. Plaintiff states, "*Because Sutana applied for and took medical leave* she was subject to working onerous hours, harassing telephone calls [...]". *See* FAC ¶ 88, at 15 (emphasis added). Plaintiff did not allege that her employer discriminated against her as a qualified individual with a disability *because of the disability* in regard to "[. . .] terms, conditions, and privileges of employment." *See* 42 U.S.C. § 12112(a). Because plaintiff alleges that she was subject to a

hostile work environment because she applied for and took leave, rather than because of a disability, as required by the law, this claim is not actionable.

In addition, Plaintiff states, "[Defendant...] created a hostile work environment which became so severe and pervasive that Sutana had to receive medical treatment related to workplace stress." *See* FAC ¶ 89, at 16. Further Plaintiff alleges that "due to [...] the hostile work environment began to experience serious medical problems." *See* FAC ¶ 42, at 8. Plaintiff did not allege that her employer discriminated against her as a qualified individual with a disability *because of the disability* in regard to [. . .] terms, conditions, and privileges of employment." *See* 42 U.S.C. § 12112(a). Because Plaintiff alleges that her medical condition was the result of the hostile work environment rather than being *the cause*, this claim must be dismissed.

## II. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FMLA SO COUNTS IV AND V MUST BE DISMISSED

**A. Plaintiff fails to allege adequately that she was a covered individual under the FMLA (Counts IV and V).**

To prevail on an interference theory, a plaintiff must demonstrate that: (i) he or she was entitled to FMLA leave, (ii) "some adverse action by the employer interfered with his right to take FMLA leave;" and (iii) "the employer's action was related to the exercise or attempted exercise of his [or her] FMLA rights." *Jones v. Denver Pub. Schs.*, 427 F.3d 1315, 1319 (10th Cir.2005).

First, with respect to Counts IV and V, Plaintiff does not allege that she had a qualifying reason to exercise FMLA rights. Plaintiff states, "Sutana, *due to the hostile work environment, discriminatory treatment and harassment*, filed a request for 'Family and Medical Leave'." ¶ 51. Plaintiff does not allege the second prong, that she was entitled to FMLA leave under certain

specified circumstances. *See* 29 U.S.C. § 2612(a)(1) (may take FMLA leave for "a serious health condition [which] makes an employee unable to perform the functions of the employee's position"). She states that she took leave because of the hostile work environment, discriminatory treatment and harassment not because of her serious health conditions. Although Plaintiff generally alleges that she was eligible and the leave was approved, because she does not allege a qualifying reason for exercising her rights under the FMLA, she is not entitled to the protections of the FMLA and this claim must be dismissed.

Secondly, although Plaintiff states that she was eligible to receive FMLA on March 25, 2012 when she applied (FAC ¶ 94, at 16), she did not request information from her employer until April 24, 2012 (FAC ¶ 50, at 9) and was approved for leave on April 26, 2012 (FAC ¶ 52, at 10). She also alleges other acts of purported interference that occurred *before* she ever even notified Defendants that she was eligible for FMLA leave. *See* FAC ¶ 43, at 8 (Saenz in Dec 2011 asked client to return from vacation early); FAC ¶ 46, at 8-9 (Saenz in Feb 2012 discouraged her from taking FMLA leave due to large workload); FAC ¶ 50, at 9 (Jackson by email on 4/24/12 told her she only needed a letter from a doctor).

When timely and adequate communication is not given, as in this case, the protections of the Act do not apply, even if the employee in fact has a serious health condition. *See* 29 U.S.C. § 2612(a)(1)(D); *Rodriguez v. Smithfield Packing Co. Inc.,* 545 F.Supp.2d 508, 515-516 (D.Md.2008). Even if she was a covered individual, she did not communicate this to Defendants until she applied and requested information in order to become eligible on April 24, 2012 and thus the protections of FMLA are not triggered before that.

Accordingly, because Plaintiff does not adequately allege a qualifying condition for FMLA leave, and does not adequately allege timely communication to her employer before the

alleged acts of discouragement occurred, the protections of the FMLA do not attach and Count IV must be dismissed.

**B. Plaintiff fails to allege adequately that NMEDD interfered with her FMLA leave (Count IV).**

Assuming the Court finds that the plaintiff was a covered individual, the Plaintiff fails to allege that her leave was interfered with. Plaintiff states, "On April 26, 2012 […The FMLA leave] was approved". *See* FAC ¶ 52, at 10. Plaintiff alleges that "during the period of her medical leave [April 30, 2012 through May 25, 2012] [Defendants] interfered with her leave by requiring that Sutana continue working during the period of her medical leave" (FAC ¶ 54, at 10) and "Defendants] required her to work, answer telephone calls, respond to e-mails and be available part-time on Tuesdays and Wednesdays." *See* FAC ¶ 96, at 17.

With respect to Count IV, Plaintiff does not satisfy the second element of an interference claim, by showing that she was prevented from taking the full 12 weeks' of leave guaranteed by the FMLA, denied reinstatement following leave, or denied initial permission to take leave. *See Campbell v. Gambro Healthcare, Inc.,* 478 F.3d 1282, 1287 (10th Cir. 2007). The employer's request for a modest, unburdensome effort to enable employees work to be performed while he is on leave is permissible. *See Sabourin v. University of Utah,* 676 F.3d 950, 961 (10th Cir. 2012) (University's communication and requests of Mr. Sabourin did not constitute an impermissible demand for work during FMLA leave).

Here, Sutana was approved to take leave, and she opted to take less than one month of leave, during which, at most under her own allegations, she was only asked to do minor work in order to enable her work to be done. Because Sutana did not get denied a full 12 weeks, was not

denied reinstatement or initial permission to take leave and the emails were a modest request, her FMLA leave was not interfered with and this claim cannot survive a motion to dismiss.[17]

### B. Plaintiff fails to allege adequately that she was retaliated against for taking FMLA leave (Count V).

To establish a prima facie case of FMLA retaliation, plaintiff must show (1) he engaged in protected activity, (2) the employer took a materially adverse action, and (3) there is a causal connection between the protected activity and the adverse action. *Metzler v. Fed. Home Loan Bank of Topeka,* 464 F.3d 1164, 1171 (10th Cir. 2006).

First, with respect to Count V, assuming the Court finds that the Plaintiff was a covered individual, the Plaintiff fails to adequately allege that the NMEDD Defendants took materially adverse action after she took FMLA leave. Plaintiff states that "after returning from leave the Defendant Brazil became more hostile towards Sutana… [by] leaving Sutana out of EDD meetings." *See* FAC ¶ 55, at 10. Plaintiff further alleges that Defendant Brazil accused Plaintiff of failing to deposit funds after she returned from medical leave. *See* FAC ¶ 56, at 10.

In the ADA context, acts that carry "a significant risk of humiliation, damage to reputation, and a concomitant harm to future employment prospects" may be considered adverse actions, although "a mere inconvenience or an alteration of job responsibilities will not suffice". *West v. New Mexico Tax. & Rev. Dep't et al*, 757 F.Supp.2d 1065, 1096-1100 (D.N.M. 2010) (Browning, J.) (quoting *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1239 (10th Cir. 2004)). Leaving Plaintiff out of a meeting and asking her about a failure to deposit funds do not carry a significant risk of humiliation or damage to her reputation or future employment prospects. Because Plaintiff alleges only mere inconveniences not rising to the level of adverse employment action prohibited under the FMLA, this claim must be dismissed.

---

[17] To the extent the Court determines Plaintiff's pleading on this Count is adequate, it is in any event patently false, but that will be the subject of later motions as necessary.

Secondly, Plaintiff fails to state the causal connection between the protected activity and the adverse action. Plaintiff states, "Adverse employment actions were taken by [Defendants], after Sutana engaged in asserting her federally-protected civil and statutory rights under the FMLA." ¶ 101. Plaintiff does not state a time in order to establish a causal connection as required by the rule. *See* FRCP 9(f) ("An allegation of time or place is material when testing the sufficiency of a pleading."). Without a statement indicating the time of the alleged events, Plaintiff cannot establish a causal connection and therefore, the Court must dismiss this claim.

### III. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FLSA SO COUNT IX MUST BE DISMISSED.

The FLSA prohibits employing an employee "for a work week longer than 40 hours unless such employee receives compensation for [t]his employment ... at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The FLSA permits public employers under prescribed circumstances to substitute compensatory time off accrued at one and one-half hours for each overtime hour worked in lieu of paying cash to an employee when the employee works overtime hours as prescribed by the Act. 29 U.S.C. § 207 (o)(1). 29 U.S.C. § 207 (o)(2)(A) (Act only allows the public agency to provide compensatory time if there is a collective bargaining agreement, memorandum of understanding, or any other agreement between the agency and a representative of its employees or an agreement or understanding arrived at between the employer and employee before the performance of the work).

With respect to Count IX, Plaintiff fails to plead that she is entitled to overtime pay in place of compensatory time. Plaintiff states, "Sutana never signed off on a written agreement to receive compensatory time off in lieu of being paid overtime." ¶ 139. However, the FLSA allows the public agency to provide compensatory time if there is a collective bargaining agreement,

memorandum of understanding, or any other agreement between the agency and a representative of its employees or an agreement or understanding arrived at between the employer and employee before the performance of the work. 29 U.S.C. § 207 (o)(2)(A). Plaintiff only states that no individuated written agreement existed but does not exclude the possibility that another type of agreement existed. Because Plaintiff does not affirmatively allege that another type of qualifying agreement does not exist, she does not have an adequately pled claim to overtime pay in lieu of compensation and this claim should be dismissed.

## **CONCLUSION**

For these reasons, Defendant, NMEDD, requests that this Court issue an order:

A) Dismissing NMHRA claims under Counts I and III for failure to state a claim;

B) Dismissing ADA claims under Counts II and III for failure to state a claim;

C) Dismissing FMLA claims under Counts IV and V for failure to state a claim;

D) Dismissing FLSA claims under Count IX for failure to state a claim;

E) Awarding costs and fees to Defendant; AND

F) Any other relief this Court deems just and proper.

Respectfully submitted,

**SAUCEDOCHAVEZ, P.C.**

By: /s/ Christopher T. Saucedo
      Christopher T. Saucedo
Frank T. Apodaca
100 Gold Avenue SW, Suite 206
Albuquerque, NM 87102
(505) 338-3945
Email: csaucedo@saucedochavez.com
Email: fapodaca@saucedochavez.com

*Attorneys for Defendants*

We hereby certify that on January 30, 2015, the foregoing was filed electronically through the CM/ECF system, which caused all counsel/parties of record to be served by electronic means:

Michael E. Mozes, Esq.
**Law Offices of Michael E. Mozes, P.C.**
5732 Osuna Rd. NE
Albuquerque, NM 87109-2527
T: (505) 880-1200
Email: Michael@mozeslawoffice.com

*Attorney for the Plaintiff*


By: /s/ Christopher T. Saucedo
      Christopher T. Saucedo