UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DANNI SUTANA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.1:13-cv-00210JCH/RHS |
| | ) |
| STATE OF NEW MEXICO, ECONOMIC | ) |
| DEVELOPMENT DEPARTMENT; | ) |
| JONATHAN ("JON") BARELA, individually | ) |
| and in his official capacity; BARBARA G. | ) |
| BRAZIL, individually and in her official | ) |
| capacity; WADE JACKSON, individually and in | ) |
| his official capacity; | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE (Doc. 63) TO DEFENDANTS' MOTION TO DISMISS II FOR FAILURE TO STATE A CLAIM (NMHRA, ADA, FMLA AND FLSA CLAIMS) (Doc. 54)**

Plaintiff attempts to avoid the defects of the Fourth Amended Complaint ("FAC") by assuming that the pleading requirements necessary to overcome a 12(b)(6) motion can be met with conclusory and threadbare statements. That is not so. To preserve efficiency of the judicial system, this Court must dismiss these Counts. They are not adequately supported by the Fourth Amended Complaint. Plaintiff's Response to Defendant's Motion to Dismiss II does not alter that fact.

**ARGUMENT**

I. **PLAINTIFF FAILS TO STATE A CLAIM UNDER THE ADA AND NMHRA SO COUNTS I, II AND III MUST BE DISMISSED.**

   A. **Plaintiff fails to allege adequately that she was a covered individual under the NMHRA and the ADA (Counts I, II and III).**

1

Plaintiff incorrectly assumes that she was not required to meet the qualifications necessary to do her job, despite her disability. *See Pl's Resp. to Def's MTD II ("Response"),* at 7-8 [Doc. 63]. However, the requirements for bringing an ADA claim are clear. In order to prevail on an ADA claim an employee must show: (1) that she is a disabled as defined by the ADA; (*2) she is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired;* and (3) her employer discriminated against her because of her disability. 42 U.S.C.S. § 12111(8). This makes sense because an employer ought not be held to engage in discriminatory acts predicated on claimed disabilities if the employee in the first instance is not even able to perform the functions of her job in the first place. The ADA and NMHRA forbid disability discrimination; but they do not require employers to take on or keep employees who cannot perform their job.

Here, Plaintiff's pleading indicates not that she was able to perform her job but for alleged qualifying disabilities, but that she had a disability that made it impossible for her to perform her job at all, which would mean she would not qualify for ADA/NMHRA protections claimed. Consider that in the "Employee's Serous Health Condition Medical Certification Statement" from her medical doctor stated unequivocally that symptoms of her anxiety would "impair any normal individual to perform his or her job competently." *See* FAC ¶ 51, at 9. Furthermore, Defendant Jackson approved Plaintiff's request for FMLA leave due to, a "serious health condition that makes you unable to perform the essential functions of your job." FAC ¶¶ 51-52, at 10. Although Plaintiff states that Defendant "made no attempts to accommodate Sutana's serious medical condition, although such accommodations could have been provided," this does not mean that Plaintiff would have been a covered individual. Nowhere does she state in detail, and in any form other than muscular assertion that she was ever qualified to perform

her job given her apparently debilitating anxiety that would leave any person unable to perform the essential functions of her job.

For this claim, Plaintiff by her pleading does not show that "she is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired." *See* 42 U.S.C. § 12111(8). The Plaintiff admits that she was not qualified at times when there was no adverse action complained of Plaintiff's doctor wrote a note that she could not work and Defendant Jackson described that her health conditions rendered her unable to perform her job. *See Compl.* ¶¶ 51-52, at 9-10. Because Plaintiff admits that she did not meet the second element requiring qualifications to perform one's job at all times, Plaintiff is not entitled to relief provided under the ADA and NMHRA. Therefore, this Court must dismiss counts I, II and III.

### B. Plaintiff fails to allege adequately that she was subject to a hostile work environment – *Count III*[1] – because of her disability.

With respect to *Count III,* assuming Plaintiff is a covered individual under the ADA and this Court has subject matter jurisdiction over the hostile environment claim, Plaintiff has not adequately pleaded that she was subject to a hostile work environment because of her disability. Plaintiff states, "*Because Sutana applied for and took medical leave* she was subject to working onerous hours, harassing telephone calls [...]". *See* FAC ¶ 88, at 15 (emphasis added). Plaintiff did not allege that her employer discriminated against her as a qualified individual with a disability *because of the disability* in regard to "[. . .] terms, conditions, and privileges of employment." *See* 42 U.S.C. § 12112(a). Because plaintiff alleges that she was subject to a hostile work environment because she applied for and took leave, rather than because of a disability, as required by the law, this claim is not actionable.

---

[1] Defendant misidentified the claim at issue as Count II rather than the correct *Count III*. *See Def's MTD II,* at 9 [Doc. 54]. The same analysis applies to Count III, which must be dismissed for failure to state a claim. That section is reprinted here for the Court's convenience.

In addition, Plaintiff states, "[Defendant…] created a hostile work environment which became so severe and pervasive that Sutana had to receive medical treatment related to workplace stress." *See* FAC ¶ 89, at 16. Further, Plaintiff alleges that "due to […] the hostile work environment began to experience serious medical problems." *See* FAC ¶ 42, at 8. Plaintiff did not allege that her employer discriminated against her as a qualified individual with adisability *because of the disability* in regard to [. . .] terms, conditions, and privileges of employment." *See* 42 U.S.C. § 12112(a). Because Plaintiff alleges that her medical condition was the result of the hostile work environment rather than being *the cause*, this claim (*Count III*) must be dismissed.

## II. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FMLA SO COUNTS IV AND V MUST BE DISMISSED

### A. Plaintiff fails to allege adequately that she was a covered individual under the FMLA (Counts IV and V).

To prevail on an interference theory, a plaintiff must demonstrate that: (i) he or she was entitled to FMLA leave, (ii) "some adverse action by the employer interfered with his right to take FMLA leave;" and (iii) "the employer's action was related to the exercise or attempted exercise of his [or her] FMLA rights." *Jones v. Denver Pub. Schs.,* 427 F.3d 1315, 1319 (10th Cir. 2005).

First, with respect to Counts IV and V, Plaintiff does not allege that she had a qualifying reason to exercise FMLA rights. Plaintiff states, "Sutana, *due to the hostile work environment, discriminatory treatment and harassment*, filed a request for 'Family and Medical Leave.'" ¶ 51. Plaintiff does not allege the second prong, that she was entitled to FMLA leave under certain specified circumstances. *See* 29 U.S.C. § 2612(a)(1) (may take FMLA leave for "a serious health condition [which] makes an employee unable to perform the functions of the employee's

position"). She states that she took leave because of the hostile work environment, discriminatory treatment and harassment not because of her serious health conditions. Although Plaintiff generally alleges that she was eligible and the leave was approved, because she does not allege a qualifying reason for exercising her rights under the FMLA, she is not entitled to the protections of the FMLA and this claim must be dismissed.

Plaintiff in her Response alleges that her qualifying conditions for FMLA leave are pled at Paragraph 46 of the FAC, but she does not indicate that she actually communicated to her supervisor Saenz that she wanted to take FMLA leave on the basis of these conditions or that these were qualifying conditions. Nor are these conditions anywhere recited in the text of Counts IV or V. Plaintiff wants to fault Defendants for not being able to guess at how to assign generalized allegations to eleven (11) causes of action, plead against unidentified defendants. But Defendants' inability to guess at what Plaintiff wants to count as predicate acts for each claim is not to be faulted. Indeed the Rules impose pleading obligations, beyond mere notice pleading, as to conditions precedent. *See* Fed. R. Civ. Proc. 9(c).

Secondly, although Plaintiff states that she was eligible to receive FMLA on March 25, 2012 when she applied (FAC ¶ 94, at 16), she did not request information from her employer until April 24, 2012 (FAC ¶ 50, at 9) and was approved for leave on April 26, 2012 (FAC ¶ 52, at 10). Alleged acts of purported interference that occurred *before* she ever even clearly notified Defendants that she was actually eligible for FMLA leave cannot qualify as interference. *See* FAC ¶ 43, at 8 (Saenz in Dec 2011 asked client to return from vacation early); FAC ¶ 46, at 8-9 (Saenz in Feb 2012 discouraged her from taking "leave" due to large workload but <u>no pleading</u> that the communication to Saenz about generalized medical issues was a predicate for an FMLA leave request, as Plaintiff merely states that she "wanted to take FMLA leave" but not that this

was communicated to Saenz who only allegedly discouraged her from "leave" generally); FAC ¶ 50, at 9 (Jackson by email on 4/24/12 told her she only needed a letter from a doctor, which even if incorrect, ultimately had no effect on Plaintiff's later application or approval for leave and could not be deemed interference, which would require an allegation of intent to discourage an application not an explicit statement of encouragement of an application).

Further, when timely and adequate communication is not given, as in this case, the protections of the Act do not apply, even if the employee in fact has a serious health condition. *See* 29 U.S.C. § 2612(a)(1)(D); *Rodriguez v. Smithfield Packing Co. Inc.,* 545 F.Supp.2d 508, 515-516 (D.Md.2008). Even if she was a covered individual, she did not communicate this to Defendants until she applied and requested information in order to become eligible on April 24, 2012 and thus the protections of FMLA are not triggered before that. Again, allegations that Sutana communicated to her supervisor, Mr. Saenz, in February 2012 that she had health issue, FAC ¶46 at 9, where that allegation does not explicitly state that she requested from him FMLA leave specifically, are insufficient. A supervisor cannot be required to divine that an employee wants FMLA leave, as opposed to leave generally, and such alleged divination cannot be the basis for an FMLA claim, or trigger FLMA duties of an employer. The failure of Plaintiff to plead at Paragraph 46 that she specifically communicated to Saenz that she wanted to take "FMLA leave" is fatal to her reliance on this act of communication to trigger FMLA protections.

Accordingly, because Plaintiff does not adequately allege a qualifying condition for FMLA leave, and does not adequately allege timely communication to her employer before the alleged acts of discouragement occurred, the protections of the FMLA do not attach and Count IV must be dismissed.

B. **Plaintiff fails to allege adequately that NMEDD interfered with her FMLA leave once approved (Count IV).**

With the alleged communications concerning leave in February 2012 off the table, as explained above, the only issue remaining concerning Plaintiff's FMLA claim concerns the communications in April 2012, which ultimately resulted in approval of FMLA leave. Assuming the Court finds that the plaintiff was a covered individual, the Plaintiff fails to allege that her leave was interfered with. Plaintiff in her Response now wants to claim that her pleading at Paragraph 54 constitutes something more than maintenance work that was modest and unburdensome, which she must to adequately plead interference. *See Sabourin v. University of Utah,* 676 F.3d 950, 961 (10th Cir. 2012) (University's communication and requests of Mr. Sabourin did not constitute an impermissible demand for work during FMLA leave).

To the extent the Court wants to accept that characterization for purposes of allowing survival of an interference claim under the FMLA, Defendants would only state that the allegation is completely misleading as to the actual facts of occurrence, which admittedly may be the subject of a Rule 56 motion, rather than a motion under Rule 12.

At the very least, with respect to Count IV, Plaintiff does not clearly satisfy the second element of an interference claim, by showing that she was prevented from taking the full 12 weeks' of leave guaranteed by the FMLA, denied reinstatement following leave, or denied initial permission to take leave. *See Campbell v. Gambro Healthcare, Inc.,* 478 F.3d 1282, 1287 (10th Cir. 2007). Whether she adequately alleges enough to suggest that any work required went beyond modest or unburdensome Defendants respectfully defer to the Court.[2]

---

[2] As stated, to the extent the Court determines Plaintiff's pleading on this Count is adequate, it is in any event patently false, but that will be the subject of later motions as necessary.

### C. Plaintiff fails to allege adequately that she was retaliated against for taking FMLA leave (Count V).

To establish a prima facie case of FMLA retaliation, plaintiff must show (1) he engaged in protected activity, (2) the employer took a materially adverse action, and (3) there is a causal connection between the protected activity and the adverse action. *Metzler v. Fed. Home Loan Bank of Topeka,* 464 F.3d 1164, 1171 (10th Cir. 2006).

First, with respect to Count V, assuming the Court finds that the Plaintiff was a covered individual, the Plaintiff fails to adequately allege that the NMEDD Defendants took materially adverse action after she took FMLA leave. Plaintiff states that "after returning from leave the Defendant Brazil became more hostile towards Sutana… [by] leaving Sutana out of EDD meetings." *See* FAC ¶ 55, at 10. Plaintiff further alleges that Defendant Brazil accused Plaintiff of failing to deposit funds after she returned from medical leave. *See* FAC ¶ 56, at 10.

In the ADA context, acts that carry "a significant risk of humiliation, damage to reputation, and a concomitant harm to future employment prospects" may be considered adverse actions, although "a mere inconvenience or an alteration of job responsibilities will not suffice." *West v. New Mexico Tax. & Rev. Dep't et al*, 757 F.Supp.2d 1065, 1096-1100 (D.N.M. 2010) (Browning, J.) (quoting *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1239 (10th Cir. 2004)). Leaving Plaintiff out of a meeting and asking her about a failure to deposit funds do not carry a significant risk of humiliation or damage to her reputation or future employment prospects. Because Plaintiff alleges only mere inconveniences not rising to the level of adverse employment action prohibited under the FMLA, this claim must be dismissed.

Plaintiff now wants to claim in her Response that her actual termination also was a complained of act of FMLA retaliation, but that is precisely the problem with the structure of the FAC. Plaintiff wishes to invoke and assign multiple meanings to events, and in pleading actual

claims, like the FMLA claim, at Paragraphs 99-105, Defendants have no idea what the alleged retaliatory acts as to the exercise of FMLA leave, actually were. The only clearly linked retaliatory events alleged in the body of the Fourth Amended Complaint are those at Paragraphs 55 and 56, and termination is not included. The allegations at Paragraphs 55 and 56 by themselves are not enough, as make clear by the language in *West* discussed above.

What is certain is that there is <u>no</u> allegation, other than a conclusory one at Paragraph 102, that it was her exercise of FMLA rights that led to adverse employment acts. If the substance of Plaintiff's Fourth Amended Complaint is examined, the only events arguably causally and temporally linked to Plaintiff's exercise of FMLA leave are those pled at Paragraphs 55 and 56. This does not include termination, which occurred months later, and was not specifically plead in Paragraphs 99-102, where Count V is actually stated. Plaintiff again conclusorily states, "Adverse employment actions were taken by [Defendants], after Sutana engaged in asserting her federally-protected civil and statutory rights under the FMLA," FAC at ¶ 101, but, again, Plaintiff does not state a time in order to establish a causal connection as required by the rule. *See* FRCP 9(f) ("An allegation of time or place is material when testing the sufficiency of a pleading."). Without a statement indicating the causal timing of the alleged event of firing as related to the FMLA retaliation claim, Plaintiff cannot establish a causal connection.

In sum, given the insufficiency of the events alleged at Paragraphs 55 and 56 to constitute retaliation, and the lack of causal connection of the allegation of termination, Plaintiff's FMLA claim must be dismissed.

### III. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FLSA SO COUNT IX MUST BE DISMISSED.

Plaintiff concedes that her pleading inadequately covers the multiple types of agreements that could be applicable to Plaintiff and blunt any FLSA claim. *See* Response to MTD II at 12.

Plaintiff concedes that she plead only that she never signed off on a written agreement. That she would be required to execute collective bargaining agreement, memorandum of understanding, or other agreement, was not plead. That there was no other form of agreement between Plaintiff and her employer in this respect was not plead. Yet the FLSA clearly allows for a whole range of types of understandings that would allow an employer to avoid liability under the FLSA, other than a written agreement signed by the employee. *See* 29 U.S.C. § 207 (o)(1); 29 U.S.C. § 207 (o)(2)(A) (Act only allows the public agency to provide compensatory time if there is a collective bargaining agreement, memorandum of understanding, or any other agreement between the agency and a representative of its employees or an agreement or understanding arrived at between the employer and employee before the performance of the work).

Plaintiff could have plead that <u>none</u> of the statutory mechanisms just recited, any of which might protect an employer from FLSA liability for non-payment of overtime, applied Plaintiff in this case. But Plaintiff made no such categorical statement of pleading, as is required for pleading conditions precedent. *See* Fed. R. Civ. Proc. 9(c) ("[W]hen denying that a condition precedent has occurred or been performed [in a pleading], a party must do so with particularity."). Given this failure of Plaintiff to clearly plead that she was not covered by one of these other forms of agreement that could preclude an FLSA claim, certainly leaves unclear whether she is even entitled to the FLSA protections that animate Count IX. Again, however, Defendants here respectfully defer to the Court to determine whether Plaintiff's ambiguous pleading is sufficient to meet her burden under the requirements of an FLSA claim at Count IX.

## **CONCLUSION**

For these reasons, Defendants request that this Court issue an order:

   A) Dismissing NMHRA claims under Counts I and III for failure to state a claim;

B) Dismissing ADA claims under Counts II and III for failure to state a claim;

C) Dismissing FMLA claims under Counts IV and V for failure to state a claim;

D) Dismissing FLSA claims under Count IX for failure to state a claim;

E) Denying any further amendments to the Fourth Amended Complaint;

F) Awarding costs and fees to Defendant; and

G) Any other relief this Court deems just and proper.

Respectfully submitted,

**SAUCEDOCHAVEZ, P.C.**

By: /s/ Christopher T. Saucedo
      Christopher T. Saucedo
Frank T. Apodaca
100 Gold Avenue SW, Suite 206
Albuquerque, NM 87102
(505) 338-3945
Email: csaucedo@saucedochavez.com
Email: fapodaca@saucedochavez.com

*Attorneys for Defendants*

We hereby certify that on March 3, 2015, the foregoing was filed electronically through the CM/ECF system, which caused all counsel/parties of record to be served by electronic means:

Michael E. Mozes, Esq.
**Law Offices of Michael E. Mozes, P.C.**
5732 Osuna Rd. NE
Albuquerque, NM 87109-2527
T: (505) 880-1200
Email: Michael@mozeslawoffice.com

*Attorney for the Plaintiff*


By: /s/ Christopher T. Saucedo
     Christopher T. Saucedo