BEFORE THE PERSONNEL BOARD
STATE OF NEW MEXICO

IN THE MATTER OF
DANNI SUTANA,

    Appellant,

v.                                                 Docket No. 12-099

NEW MEXICO ECONOMIC
DEVELOPMENT DEPARTMENT

    Appellee.

## MOTION TO DISQUALIFY WADE JACKSON AS COUNSEL FOR APPELLEE AND MOTION TO EXTEND THE DISCOVERY DEADLINE

COMES NOW the Appellant, Danni Sutana, by and through her counsel, New Mexico Firm, LLC, [Nathaniel V. Thompkins] and pursuant to NMAC 1978, § 1.7.12.13 (A) and files her Motion to Disqualify Wade Jackson, Esquire, as counsel for the Appellee, Economic Development Department ("EDD") and Extend the Discovery Deadline and Trial dates in this matter and in support thereof Appellant states as follows:

### I.

### FACTUAL BACKGROUND

In March 2011, Appellant, Danni Santa ("Ms. Sutana") interviewed for the position with the EDD. Ms. Sutana was erroneously told that the Department's budget was $6.8 million. However, shortly after being hired, Ms. Santa quickly learned that the Department's budget was actually $141.5 million a sum significantly higher than what the Assistant Director, Director

1 | Page

Exhibit E

and Counsel advised Ms. Sutana prior to her having accepted the position. [See, Exhibit A]

Something in September 2011, Ms. Sutana learned of an "affair" between EDD's counsel, Wade Jackson, and another ASD employee.  Ms. Sutana reported the instance to her immediate supervisor, A. Kurt Saenz, ASD. [See, Exhibit D, pg.1, ¶ 4]  Mr. Saenz reported this to Wade Jackson and advised him that he had received the information from Ms. Sutana. *Id.*

After working considerably more hours than anticipated, due to the tremendous work load which was necessitated by a budget that is $134.9 million dollars more than disclosed, Ms. Sutana, on September 2, 2011, wrote an e-mail to Secretary, Jon Barela; Deputy Secretary, Barbara Brazil; Administrative Services Director ("ASD"), Kurt Saenz; and EDD Counsel, Wade Jackson.  [See, Exhibit A]  Ms. Sutana outlined, after working for EDD for five (5) months some concerns that she had regarding her position, the budget and defined roles. *Id.*

On September 19, 2011, EDD's counsel, Wade Jackson, responded to Ms. Sutana's e-mail with his own e-mail. [See, Exhibit B] Mr. Jackson advised Ms. Sutana that he and EDD must treat her e-mail as a "formal complaint" against the "Department".  Mr. Jackson further advised Ms. Sutana that she could not "withdraw" her complaint. *Id.*  He also advised Ms. Sutana that "the department will timely respond in the manner required. *Id.*

On September 20, 2011, EDD's counsel, Wade Jackson, wrote the "Department's Response" to Ms. Sutana's "Formal Complaint of September 2,

Exhibit E

2011". While it would appear from the Response that ASD, A. Kurt Saenz, drafted the Response this stated fact by Mr. Jackson is both false and misleading. [See, Exhibit C, "FROM"] Mr. Jackson drafted the Response without Mr. Saenz knowledge, involvement and consent to use his name. [See, Exhibit D, pg.2, ¶#7] As the sole author of the Department's Response, Mr. Jackson attempts to mislead Ms. Sutana into believing that the Response was written by A. Kurt Saenz. The Response expressly states that it is from "A. Kurt Saenz, ASD".

    Mr. A. Kurt Saenz, former ASD for EDD, expressly refutes the allegations set forth by Wade Jackson in the Response which Wade Jackson wrote to Ms. Sutana's September 2, 2011 e-mail. In fact, Mr. Saenz states that the "*Response is factually in accurate and contains information that has simply been fabricated.*" [See, Exhibit D, pg.2, ¶#8] Mr. Saenz advised Secretary, John Barela, Deputy Secretary, Barbara Brazil, and Wade Jackson of the inaccuracies and the fact that it was the type of document that could get EDD in trouble. [See, Exhibit D, pg.2, ¶#9] Mr. Saenz then secured the approval of Secretary, Barela, to handle Ms. Sutana's September 2, 2011, e-mail informally by holding a meeting with Deputy Secretary Brazil, Wade Jackson, Ms. Sutana and himself. [See, Exhibit D, pg.2, ¶#10] Importantly, Mr. Saenz got the approval of Secretary, Barela, to not have the "Response to Formal Complaint" placed in Ms. Sutana's employee file. *Id.* After the meeting was conducted with Ms. Sutana and all the issues raised in Ms. Sutana's e-mail had been resolved, Mr. Jackson placed the Response in Ms. Sutana's employee file which was

Exhibit E

directly contrary to Secretary's, Barela, express direction not to do so. [See, Exhibit D, pg.2, ¶#11]

On November 2, 2012, the hearing officers issued an "Acceptance of Appeal and Scheduling Order".  [See, Hearing Officer's Case File] The Scheduling Order required that the "… parties shall submit …" a "stipulated pre-hearing order …" by December 17, 2012.  *Id.*  One of the requirements for the stipulated pre-hearing order ("Order") was the inclusion of a "list of witnesses to be called and *a brief summary of their testimony;*". (Italics ours) On November 29, 2012, Appellee's counsel submitted its portion of the Order to Appellant's counsel. [See, Exhibit E, e-mail from Wade Jackson]  However, Appellee's portion omitted #5 "a brief summary of their testimony" and #s 4, 6, 8, respectively, (4) "a deadline for interviewing and/or deposing witnesses"; (6) "a deadline for filing a final list of witnesses and requests for subpoenas"; and (8) "a deadline for filing a final list of exhibits".

On December 10, 2012, Appellant's counsel submitted the Order with his portions.  [See, Exhibit F]  While counsel pointed out Appellee's omission of # 5 he requested counsel provide "any other information" needed before filing the Order on December 17, 2012.  As of December 10, 2012, Appellee's counsel has not responded to Appellant's e-mail.

Based upon the foregoing critically missing information and the need to conduct discovery upon Appellee's counsel, as argued in the cases cited below, Appellant requests an extension of the discovery and trial setting in this matter.

Exhibit E

## II.

## LEGAL ARGUMENTS

**A.   New Mexico's Rules of Professional Conduct prohibits Attorneys from acting as both an advocate and witness**

The New Mexico Rules of Professional Conduct for Attorneys provides, pursuant under N.M.R.A., Rule 16-307 (A) – Necessary Witness - that "a lawyer **_shall not_** act as advocate at a trial in which the lawyer is likely to be a necessary witness.  There are three exceptions to this rule, none of which apply in the instant case and which exceptions are:

(1) "the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work a substantial hardship on the client."

The committee comments regarding this rule provides, "the opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others.  It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof."  See, N.M.R.A., Rule 16-307, Editors' Note (2).

Subparagraph (1) of Paragraph (A) only is applicable if the testimony will be uncontested. In this case, the factually allegations set forth in Mr. Jackson's September 20, 2011, Response to Formal Complaint are highly contested by

5 | P a g e

Exhibit E

Ms. Sutana. More to the point, EDD has listed the Response as an exhibit in their case in chief. Mr. A. Kurt Saenz, the alleged author of the Response refutes the accuracy of the Response and the fabricated facts that it contains. The only other person associated with the Response is EDD's counsel, Wade Jackson, and the actual sole author of the Response. The Response is not only a contested issue of fact but will also test the credibility of Wade Jackson.

Subparagraph (2) of Paragraph (A) relates to an attorney's testimony related to the value of legal services which are not an issue in this case and therefore does not apply.

Subparagraph (3) of Paragraph (A) requires a balancing between the interest of the client (EDD), those of the Tribunal (State Personnel Board) and the opposing party (Ms. Sutana). The consideration for the State Personal Board is whether it would most likely be misled. While the things to consider for the opposing party, Ms. Sutana is whether she is *likely to suffer prejudice*. The latter issue, the likelihood of prejudice, involves the importance and probable tenor of the lawyer's testimony and the probability that the lawyer's testimony will conflict with that of other witnesses.

Wade Jackson's testimony is critically important to EDD's case and is highly contested by Ms. Sutana. In fact, Mr. Saenz testimony indicates that Mr. Jackson began to target Ms. Sutana because of her knowledge that Mr. Jackson was having an affair with an ASD employee. [See, Exhibit D, pg.1, ¶#4]. This, in Ms. Sutana's defense, explains Mr. Jackson's motivation for (1) writing a Response to Ms. Sutana's September 2, 2011, e-mail; (2) Mr. Jackson

Exhibit E

falsely attributing the Response to Mr. Saenz; and (3) Mr. Jackson placing the Response in Ms. Sutana's employee file after Secretary, Barela, advised Mr. Saenz that the Response would not go into Ms. Sutana's employee file.  For all the foregoing reasons and pursuant to the Professional Rules of Conduct, N.M.R.A., Rule 16-307 (A), Mr. Jackson should be prohibited from acting as the advocate for EDD in the instant matter.

> **B.    Discovery, i.e. depositions, should be granted to Appellant on the issue of Mr. Jackson's testimony**

In *Chappell v. Cosgrove*, 121 N.M. 636, 640, 916 P.2d 836, 840 (1996) the New Mexico Supreme Court held that the standard is, "… the party seeking disqualification has the burden of establishing the *necessity of the attorney's testimony as a witness at trial. Id.* (Italics ours) The standard requires a showing of that the testimony is "*material to an issue in the case, the evidence is not available from another source, and that the attorney's testimony is potentially prejudicial to his client's case*".  *Id.* (Italics ours) The Court the held that "*ordinarily threshold discovery will be necessary to establish these elements.*" *Id.*  In remanding the case back to the trial court, the Supreme Court ruled, that "having here enunciated for the first time the standard for assessing the merits of a disqualification motion under Rule 16-307, we remand this case to the trial court for further proceedings.  *Should further discovery uncover facts supporting the … claim that Chappell is a necessary witness, the Neighborhood Association's claim that Chappell is a necessary witness, the Neighborhood Association may renew its motion to disqualify and*

7 | P a g e

Exhibit E

*the trial court may rule thereon according to the standard adopted in this opinion. Id.* 121 N.M. at 640.

In *Sanders v. Rosenberg*, 122 N.M. 692, 694, 930 P.2d 1144, 1146 (1996) the Supreme Court upheld the trial court's granting of a Motion to disqualify an attorney.  In granting the Motion, the Court cited *Chappell,* wherein it stated:

> "Even though a party has a right to be represented by an attorney of her own choosing, *see Chappell v. Cosgrove,* 121 N.M. 636, 638, 916 P.2d 836, 838 (1996) (citing *In re American Cable Publications, Inc.,* 768 F.2d 1194, 1196 (10th Cir.1985)) we have recongnized that such a right is not absolute. *Chappell,* 121 N.M. 636, 638, 916 P.2d 836, 838. **If a compelling reason exists that supports the disqualification of counsel, a court may reject a party's chosen counsel**. *Id.* (citing*, Ramsay v. Boeing Welfare Benefit Plans Comm.*, 662 F.Supp. 968, 970 (D.Kan.1987)) ("The court is also mindful that a person's right to select his own counsel, although not an absolute right, *may be overridden only where compelling reasons exist.*"). In *Chappell*, we determined that the trial court was entitled to exercise its discretion to disqualify the party's choice of counsel when the counsel was a necessary witness under SCRA 1986, 16-307 (Repl.Pamp.1995) (lawyer as witness). 121 N.M. at 640, 916 P.2d at 840."

*Id.* 122 N.M. at 694 (Emphasis ours).

## CONCLUSION

Appellant's Motion should be granted based upon the fact that Appellee's counsel personally responded to Ms. Sutana's September 2, 2011, e-mail and in said Response sets forth material issues of fact which are contested by Ms. Sutana.  The facts alleged in the Response written by Appellee's counsel did not involve A. Kurt Saenz, ASD, as represented.  Therefore, the only source of the testimony regarding the allegations set forth in the Response is Appellee's

Exhibit E

counsel, who is the only other person listed on the "From" line in the Response.

A perfect example of Jackson's testimony in his Response involves the statement that, "*You corrected me, in an e-mail copied to others outside of the Department, that a request to advertise and fill the position should not have been forwarded to State Personnel Office without the payroll projections.*" [See, Exhibit C, pg.1, 2nd ¶]  Mr. Saenz disputes this reference being attributed to him and is one of the many fabricated facts which Jackson inserted into the Response without his (Saenz) knowledge.

Appellant will be required to conduct discovery related to the allegations and statements made by Jackson in EDD's Responses as well as discovery upon any other witness that may have provided false information which is set forth in the Response.  Also, since Mr. Saenz was Ms. Sutana's immediate supervisor, Appellant will need discovery upon the facts which support Jackson going after Ms. Sutana because of her reporting the affair that Jackson was having with another ASD employee.  The entire discovery is material to Appellant's defense of her wrongful termination without just cause.

Wherefore, Appellant respectfully requests that Appellee's counsel be disqualified from being an advocate in this case and for an extension of both the discovery and trial dates in order to allow Appellant the opportunity to prepare of the trial in this matter.

Exhibit E

Respectfully submitted:

*[signature]*

_____
Nathaniel V. Thompkins
**NEW MEXICO FIRM, LLC**
103 St. Francis Drive, Unit A
Santa Fe, NM 87501
(505) 988-9750
*Counsel for the Appellant*

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of this Motion on the following parties: Wade Jackson, counsel for EDD, via U.S. Mail on this 23rd day of December, 2012.

*[signature]*

_____
Nathaniel V. Thompkins

Exhibit E